UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN A. LEWIS,

        Petitioner,

v.                                    CASE NO.  04-CV-71140-DT
                                        HONORABLE LAWRENCE P. ZATKOFF

DOUGLAS VASBINDER,

        Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT AND DISMISSAL
AND
DIRECTING RESPONDENT TO FILE
AN ANSWER TO THE HABEAS PETITION**

This matter is pending before the Court on Petitioner's application for the writ of habeas corpus under 28 U.S.C. § 2254, and Respondent's motion for summary judgment and dismissal. Respondent contends that Petitioner did not exhaust state remedies for two of his ineffective assistance of counsel claims. Petitioner maintains that he did exhaust state remedies for the claims. The Court agrees with Respondent that Petitioner did not raise the disputed claims as independent claims in both state appellate courts. However, because Petitioner has agreed to delete the claims if the Court finds them unexhausted, Respondent's motion will be denied.

**I.  Background**

Following a bench trial that concluded on September 6, 2000, Petitioner was convicted of first-degree (premeditated) murder. *See* Mich. Comp. Laws § 750.316(1)(a). The conviction arose from

> the 1980 beating death of Cornell Smith. The incident occurred at about 10:30 p.m. on July 31, 1980 on the grounds of the Woodward School in Kalamazoo County.

> Witnesses saw two cars pull up to the school. The assailant got out of one car and approached the other car. An argument ensued, during which the assailant returned to his car and retrieved a baseball bat. The driver of the second car subsequently drove off, leaving the victim, who had been his passenger. The assailant chased the victim, and, according to witnesses, inflicted a fatal blow to the victim's head with a full swing of the bat.

*People v. Lewis*, No. 230887, at 1 (Mich. Ct. App. Dec. 27, 2002). Petitioner was a suspect from the time of the incident, but he evaded prosecution for twenty years.

On October 9, 2000, Kalamazoo County Circuit Judge William G. Schma sentenced Petitioner to life imprisonment without the possibility of parole. Petitioner made the following arguments through counsel in an appeal of right:

I. The trial court reversibly erred by basing its decision, in part, on testimony produced by unconstitutionally suggestive identification procedures.

II. All three purported identifications must be excluded as the result of unconstitutional pretrial procedures.

    A. All of the identification testimony should have been suppressed as the fruit of a warrantless arrest, in violation of the state and federal constitutions.

    B. The identification testimony should also have been suppressed because of the absence of counsel when witnesses were shown photographs of the 1980 lineup.

    C. Mr. Lewis was denied his state and federal constitutional right to the effective assistance of counsel because trial counsel failed to move to suppress the tainted lineups.

III. The trial court's factual findings were clearly erroneous in light of the testimony at trial.

IV. The trial court violated the court rules and impermissibly interfered with Mr. Lewis' right to present a defense by obstructing defense impeachment by prior convictions for theft or dishonesty.

V. Mr. Lewis was denied his due process and state-created rights to an expert witness to challenge the questionable identification testimony.

Petitioner made the following arguments in a *pro se* supplemental brief:

I. Mr. Lewis was denied his state and federal constitutional rights to a fair trial when:

   A. Ms. Gail Johnson, a prosecution key witness, was allowed to make an in-court identification of Mr. Lewis without the prosecution first establishing that Ms. Johnson's in-court identification testimony had an independent basis of reliability absent the 1980 line-up procedure and the photograph deriving therefrom.

   B. Ms. Gail Johnson, a prosecution key witness, was allowed to make an in-court identification of Mr. Lewis from a 1980 line-up procedure which Mr. Lewis was directed to attend by standing in a normal posture and told to button-up his county jail jumpsuit to the top while the other participants were directed to stand at attention and to not button-up their county jail jumpsuit to the top, thus making the 1980 line-up procedure and the photograph deriving therefrom unnecessarily suggestive and inadmissible at Mr. Lewis' trial.

II. Mr. Lewis was denied his state and federal constitutional rights to the effective assistance of counsel at the 1980 line-up procedure when counsel failed to object and correct the 1980 line-up procedure which was unnecessarily suggestive by the manner of posture and style of the jumpsuit used to single Mr. Lewis out from the rest of the participants in the line-up.

Petitioner amended his supplemental brief with still another argument:

Mr. Lewis was denied his state and federal constitutional rights to a fair trial when the state prosecuting attorney knowingly and intentionally with reckless disregard for the truth presented false testimony which lead to Mr. Lewis' conviction for first degree murder.

The Michigan Court of Appeals was unpersuaded by these arguments and affirmed Petitioner's

3

conviction in an unpublished *per curiam* opinion.  *See id.*

Petitioner raised the same claims and the following new issues in an application for leave to appeal in the Michigan Supreme Court:

> I. Whether the court of appeals clearly erred in not remanding the matter to the trial court for an evidentiary hearing pursuant to *People v. Johnson*, 202 Mich. App. 281 (1993), *Wade* and *Kachar* on Defendant-Appellant's claims that there is no independent basis for witnesses Dixon, Johnson, and Wilkinson in-court identification testimony deriving from a nineteen year old observation? Alternatively, does the court of appeals order denying remand in this matter conflict with *Johnson, supra*?
>
> II. Whether the court of appeals clearly erred in not remanding the matter to the trial court for an evidentiary hearing pursuant to *Ginther* so that Defendant-Appellant could move the trial court for a new trial on his claims that his trial counsel's strategy was unreasonable when counsel proceeded to trial without first moving the trial court to suppress the witnesses in-court identification testimony deriving from a nineteen-year-old observation and failing to obtain an expert identification witness to explain the unreliability of eyewitnesses identification testimony deriving from the memory of a witness(es) nineteen year old observation?  Alternatively, does the court of appeals' order denying remand in this matter conflict with *Ginther*, *supra*.

On November 24, 2003, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed.  *See People v. Lewis*, 469 Mich. 969; 671 N.W.2d 880 (2003) (table).

Petitioner filed in this Court for habeas relief on March 3, 2004, and filed an amended brief on August 18, 2004.  Two of Petitioner's claims are that counsel was ineffective for failing to take adequate steps to impeach prosecution witnesses, and counsel was ineffective for failing to obtain an expert witness on identification.  Respondent argues that neither of these claims have been exhausted in state court.

## II. Legal Standards

Before seeking a federal writ of habeas corpus, a state prisoner must give the state courts an opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A habeas petitioner must fairly present his claims in each appropriate state court, including a state supreme court with powers of discretionary review, thereby alerting the state courts to the federal nature of the claims. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In Michigan, this means that state prisoners must present their habeas claims to the Michigan Court of Appeals and to the Michigan Supreme Court before raising their claims in a federal habeas corpus petition. *See Dombkowski v. Johnson*, 488 F.2d 68, 70 (1973). To be exhausted, all the issues presented to the Michigan Supreme Court must first have been presented to the Michigan Court of Appeals. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (claims first raised in State's highest court on discretionary review are not fairly presented). In addition, "[e]xhaustion means more than notice." *Keeney v. Tamayo-Reeves*, 504 U.S. 1, 10 (1992). The habeas petitioner must fairly present the substance of his constitutional claim by "citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levin v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).

## III. Discussion

### A. Waiver of Impeachment Issue

The first of the two contested ineffectiveness claims is the argument that trial counsel failed to take adequate steps to impeach prosecution witnesses with their prior convictions. Petitioner makes this argument on page 30 of the brief supporting his initial habeas petition. Petitioner points

to his state appellate brief as proof that he did exhaust state remedies for the claim.

Petitioner's state appellate brief contained five issues in the statement of questions presented. The second issue dealt with identification issues, and the fourth dealt with the trial court's allegedly impermissible interference with Petitioner's right to present a defense. The identification issue had three sub-issues, the last of which read as follows: "was Mr. Lewis denied his state and federal constitutional right to the effective assistance of counsel because trial counsel failed to move to suppress the tainted lineups?" The corresponding discussion section focused on the identification issues; however, a sentence in the last paragraph stated "[s]imilarly, the record after remand will support an ineffectiveness claim for counsel's failure to take adequate steps to impeach prosecution witnesses with their prior criminal convictions. Issue IV, infra."

Both on its face and structurally, the ineffective assistance of counsel claim related to the identification issues. That is how the Court of Appeals dealt with it; after discussing the identification issues the Court held "[b]ased on the above, we also conclude that defendant's claim of ineffective assistance of counsel predicated on the foregoing issues must fall. Defendant has not established that counsel's failure to raise the above issues was objectively unreasonable, or that he was prejudiced by any alleged deficiency." *People v. Lewis*, No. 230887, 2002 Mich. App. LEXIS 2279, \*10 (Mich. Ct. App. 2002).

The impeachment of prosecution witnesses issue was framed by Petitioner as follows: "did the trial court violate the court rules and impermissibly interfere with Mr. Lewis' right to present a defense by obstructing defense impeachment by prior convictions for theft or dishonesty?" The corresponding discussion section focused on the trial court's actions; however, the second to last sentence read as follows: "This Court should remand to the trial court for a hearing on the

admissibility of prior convictions under MRE 609 and/or the ineffective assistance of counsel for failure to file a pre-trial motion to impeach.  See Issue II.C., supra."

The two quoted statements from Petitioner's state appellate brief did not constitute a fair presentation of the argument that defense counsel was ineffective for waiving Petitioner's right to impeach witnesses.  Mere notice of an issue is not enough; as the Fourth Circuit has noted, "[m]eaningful exhaustion is that which accords with the state's chosen procedural scheme." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994).  The Michigan Court of Appeals requires issues to be identified in the statement of questions presented, and issues not so identified need not be considered by the Court.  *Joerger v. Gordon Food Serv.*, 568 N.W. 2d 365, 368 (Mich. Ct. App. 1997).  Petitioner did not include the impeachment ineffective assistance claim in his statement of questions presented.  Thus, it was not properly before the Michigan Court of Appeals.

In addition, the two statements regarding the impeachment ineffective assistance claim constituted a small part of arguments on different issues.  These isolated statements did not constitute a fair presentation of the impeachment ineffective assistance claim.  In a similar case, the First Circuit held that:

> To be sure, petitioner argues that he made a passing reference or two in his [state] filings to the fact (a) that he was unrepresented by counsel for a long spell, and (b) that no evidence was taken on his dismissal motions. *But, the exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.* The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined.

*Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988) (emphasis added).  The Court therefore agrees with Respondent that Petitioner did not exhaust state remedies for his ineffectiveness claim concerning defense counsel's failure to impeach witnesses with prior convictions.

### B.  The Expert Witness

The second ineffectiveness claim in dispute is the allegation that counsel failed to procure an expert witness. While Petitioner's state appellate brief mentioned the lack of an expert witness, it only addressed the alleged error of the trial court. There was no mention of an ineffective assistance of counsel claim regarding the failure to procure an expert witness. This claim was first articulated in Petitioner's appeal to the Michigan Supreme Court. However, presentation of a claim for the first time to the State's highest court on discretionary review does not satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Therefore, Petitioner's claim about defense counsel's handling of the matter of an expert witness is unexhausted.

### IV.  Conclusion

The majority of Petitioner's claims have been raised and exhausted in state court. Nevertheless, Petitioner's ineffective assistance claims regarding impeachment and an expert witness were not properly raised in both the Michigan Court of Appeals and the Michigan Supreme Court. Therefore, those claims are unexhausted. However, because Petitioner has offered to delete the claims upon a judicial finding that the claims are unexhausted, Respondent's motion for summary judgment and dismissal [Doc. 11, Nov. 16, 2004] is DENIED. Respondent is ordered to file an answer to the habeas petition within **forty-five (45) days** of the date of this order.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 30, 2005.

                    s/Marie E. Verlinde
                    Case Manager
                    (810) 984-3290