UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN A. LEWIS,

    Petitioner,

v.

DOUG VASBINDER,

    Respondent.
_____/

Case No. 2:04-cv-71140
Honorable Sean F. Cox

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND HIS RULE 60(b) MOTION (Docket No. 60) AND DENYING PETITIONER'S MOTIONS FOR WAIVER OF FEES AND COSTS (Docket No. 56), FOR LEAVE TO AMEND HIS HABEAS PETITION (Docket No. 57), TO RE-OPEN THIS CASE (Docket No. 58), AND FOR APPOINTMENT OF COUNSEL (Docket No. 59)**

### I. Background

This is a habeas corpus action under 28 U.S.C. § 2254. Following a bench trial in the year 2000, Petitioner was found guilty of first-degree, premeditated murder, Mich. Comp. Laws § 750.316(1)(a), and sentenced to life imprisonment without the possibility of parole. The conviction arose from

> the 1980 beating death of Cornell Smith. The incident occurred at about 10:30 p.m. on July 31, 1980 on the grounds of the Woodward School in Kalamazoo County. Witnesses saw two cars pull up to the school. The assailant got out of one car and approached the other car. An argument ensued, during which the assailant returned to his car and retrieved a baseball bat. The driver of the second car subsequently drove off, leaving the victim, who had been his passenger. The assailant chased the victim, and, according to witnesses, inflicted a fatal blow to the victim's head with a full swing of the bat.

*People v. Lewis*, No. 230887, 2002 WL 31957700, at *1 (Mich. Ct. App. Dec. 27, 2002). The Michigan Court of Appeals affirmed Petitioner's conviction, *see id.*, and on November 24, 2003, the Michigan Supreme Court denied leave to appeal. *See People v. Lewis*, 671 N.W.2d 880 (Mich. 2003) (table).

Petitioner commenced this action in 2004. (Docket No. 1). The State moved for summary judgment and dismissal of the petition on the basis that Petitioner had not exhausted state remedies for his claims that his trial attorney (1) failed to properly pursue the services of an expert witness on eyewitness identification and (2) waived his right to impeach two witnesses with their prior convictions. (Docket No. 11). Petitioner disagreed with the State's argument regarding exhaustion of state remedies, but he stated in a response to the State's motion that, if the Court agreed with the State's argument, he was willing to delete the unexhausted claims and proceed with his exhausted claims. (Docket No. 30).

Former United States District Judge Lawrence P. Zatkoff was assigned to the case. He agreed with the State that Petitioner did not exhaust state remedies for his claims that trial counsel failed to take adequate steps to impeach prosecution witnesses and to obtain an expert witness on identification. (Docket No. 33). However, because Petitioner had agreed to delete those claims so that the court could proceed with his other claims, Judge Zatkoff adjudicated Petitioner's exhausted claims and denied the petition on the merits. (Docket No. 41). The United States Court of Appeals for the Sixth Circuit subsequently denied a certificate of appealability. *See Lewis v. Vasbinder*, No. 07-2265 (6th Cir. June 6, 2008).

In 2009, Petitioner filed a motion for relief from judgment, claiming that the state prosecutor committed a fraud on the state and federal courts by misleading the courts into believing that probable cause existed for Petitioner's arrest. (Docket No. 52). Judge Zatkoff transferred the motion to the Sixth Circuit Court of Appeals as a second or successive petition. (Docket No. 53).[1] The Sixth Circuit denied Petitioner's motion for authorization to proceed with a second or

---

[1] Under 28 U.S.C. § 2244(b), a habeas petitioner who seeks to file a second or successive petition must first seek and obtain authorization from the appropriate court of appeals before filing a second or successive petition in the district court. 28 U.S.C. § 2244(b)(3)(A).

successive petition. *See In re Lewis*, No. 09-1670 (6th Cir. Nov. 24, 2009). Petitioner filed two additional motions for authorization to file a second or successive petition, but the Sixth Circuit denied both motions. *See In re Lewis*, No. 11-1658 (6th Cir. Sept. 12, 2011); *In re Lewis*, No. 12-2446 (6th Cir. May16, 2013).

In 2014, Petitioner filed a motion for relief from judgment in the state trial court. He claimed that his trial attorney was ineffective because the attorney (1) failed to impeach two prosecution witnesses with their criminal histories and (2) failed to ask the trial court for additional funds for an expert witness on eyewitness identification. Petitioner also argued that appellate counsel was ineffective for failing to raise the issues about trial counsel on appeal.

The trial court determined that it was precluded from adjudicating Petitioner's claim about trial counsel's failure to impeach prosecution witnesses with their criminal histories because, in the court's opinion, the issue was decided against Petitioner on appeal. The trial court adjudicated Petitioner's other claim about trial counsel on the merits and concluded that Petitioner was not prejudiced by counsel's failure to procure an expert witness. The court stated that, even if the expert witness had been able to testify and discredit the eyewitnesses' testimony, there was plenty of other evidence to implicate Petitioner in the crime and, therefore, the outcome of the trial would not have been different. The trial court also found no merit in Petitioner's claim about appellate counsel. *See People v. Lewis*, No. 2000-0171-FC (Kalamazoo Cty. Cir. Ct. Mar. 30, 2015).

The Michigan Court of Appeals denied leave to appeal the trial court's decision for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Lewis*, No. 328472 (Mich. Ct. App. Sept. 29, 2015). On July 26, 2016, the Michigan Supreme Court likewise denied leave to appeal under Rule 6.508(D). *See People v. Lewis*, No. 152662 (Mich. Sup. Ct. July 26, 2016).

3

In 2017, Petitioner filed another habeas corpus petition. He claimed to have new reliable evidence from an expert witness who could discredit the eyewitnesses' testimony. He asserted that his trial attorney was ineffective for (1) not informing the trial court that the expert witness had requested additional funds to cover his costs and (2) not conducting an adequate cross examination of prosecution witnesses regarding their prior convictions. Petitioner also claimed that appellate counsel was ineffective for failing to raise obvious and significant issues on appeal.

The 2017 case was assigned to United States District Judge Paul D. Borman, who transferred the petition to the Sixth Circuit as a second or successive petition. *See Lewis v. Haas*, No. 2:17-cv-10734 (E.D. Mich. Mar. 9, 2017). The Sixth Circuit denied Petitioner's motion for leave to file a second or successive petition. *See In re Lewis*, No. 17-1253 (6th Cir. July 19, 2017).

Now before the Court are Petitioner's motions to re-open this case and to amend his petition. Petitioner also has asked the Court to appoint counsel for him, to grant permission to amend his Rule 60(b) motion, and to waive payment of the fees and costs for his motions. The motions to re-open this case and to amend the petition seek to have the Court adjudicate Petitioner's claims that trial counsel was ineffective for failing to (1) alert the trial court that the defense expert needed additional funds to cover his costs and (2) impeach two prosecution witnesses with their criminal histories. Petitioner alleges that Judge Zatkoff erred when he determined that Petitioner had not exhausted state remedies for these claims.[2]

---

[2] Although a Rule 60(b) motion that attacks a district court's previous resolution of a claim on the merits must be treated as a successive habeas petition, Petitioner is challenging Judge Zatkoff's failure to adjudicate the merits of his two claims about trial counsel. For this reason, the Court is not treating Petitioner's Rule 60(b) as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (concluding that a Rule 60(b)(6) which attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings, is not a second or successive petition; *id*. at 538 (holding that a Rule 60(b)(6) motion which challenges only the District Court's failure to reach the merits of a claim does not warrant treating the motion as a

## II. Discussion

### A. The Motion for Waiver of Fees and Costs (Docket No. 56)

Petitioner has asked the Court to waive all fees and costs for his pending motions because he is indigent. The Court, however, does not assess a filing fee for motions. Accordingly, the motion to waive fees and costs is denied as unnecessary.

### B. The Motion to Amend the Rule 60(b) Motion (Docket No. 60)

In his motion to amend the Rule 60(b) motion, Petitioner states that he wants to amend his Rule 60(b) motion to correct a clerical error in the motion and to replace a page in the motion. According to Petitioner, the correction is necessary to show that he is filing his Rule 60(b) motion under Federal Rule of Civil Procedure 60(b)(4) and (6).

The motion is granted. Although the Court cannot replace a page in a document that has been filed and docketed, the Court agrees to treat the Rule 60(b) motion as filed under Rule 60(b)(4) and (6).

### C. The Motion for Appointment of Counsel (Docket No. 59)

Petitioner has asked the Court to appoint counsel for him to assist him with his motions. He states that he is indigent, that he is untrained in the law, and that he has a limited education.

There is no right to appointment of counsel in a collateral attack on a conviction, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and the interests of justice do not require appointment of counsel in this case. 18 U.S.C. § 3006A(a)(2)(B). Accordingly, the Court denies Petitioner's motion for appointment of counsel.

---

successive habeas petition and can be ruled on by the District Court without precertification by the Court of Appeals under § 2244(b)(3)).

### D. The Motion to Re-Open this Case (Docket No. 58) and to Amend the Petition (Docket No. 57)

As noted above, Petitioner seeks to re-open this case under Federal Rule of Civil Procedure 60(b)(4) and (b)(6). He also wants to amend his petition to include his claims that trial counsel was ineffective for failing to (1) impeach two prosecution witnesses with their criminal histories and (2) ask the trial court for additional funds for an expert witness on eyewitness identification.

Rule 60(b) authorizes federal courts to relieve a party from a final judgment "when the judgment is void," Fed. R. Civ. P. 60(b)(4), and for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). Such motions, however, "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Petitioner is seeking to re-open a case that was closed over ten years ago. Although he contends that, since then, he has exhausted state remedies for the two claims that Judge Zatkoff declined to review, Petitioner could have offered to do that in 2004 when the State argued that the claims were not exhausted. Instead, he agreed to dismiss the claims, and in subsequent years, he failed to reassert the claims. The Court, therefore, concludes that Petitioner's 60(b) motion, which he filed in 2018, was not filed within a reasonable time.

Furthermore, even though leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), a court is not required "to give leave if doing so would be futile, such as when the amended complaint cannot survive a motion to dismiss." *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 917 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 2582 (2018). Petitioner's claims about trial counsel probably would not survive a motion to dismiss due to the expiration of the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d).

Petitioner attempts to bypass the statute of limitations by arguing that his claims relate back to the date of his original petition. Under Federal Rule of Civil Procedure 15(c)(1), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Thus, in habeas cases, amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings arose from the same conduct, transaction, or occurrence. *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (citing Rule 15(c)(2)). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id*. at 664.

Even if the Court were to assume that Petitioner's claims about trial counsel arise from conduct, a transaction, or an occurrence set out in his initial petition, this case is closed, unlike *Mayle* where the petitioner moved to amend a pending habeas petition. The "relation back" doctrine does not apply because there is no pending petition to which the amendment can relate back. *See Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (citing *Jones v. Morton*, 195 F.3d 153, 160–61 (3d Cir. 1999), and *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999)); *Raspberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006). As explained in *White v. Dingle*, 616 F.3d 844 (8th Cir. 2010),

> [t]here are persuasive theoretical and practical justifications for this outcome. . . . From a practical standpoint, permitting relation-back risks "eviscerat[ing] the AEDPA limitations period and thwart[ing] one of AEDPA's principal purposes," which was to expedite federal habeas review. *Graham v. Johnson*, 168 F.3d 762, 780 (5th Cir. 1999). Courts rightly fear that permitting relation-back would allow petitioners to use an original petition as a placeholder, thereby indefinitely tolling the statute of limitations. The end result of such an approach would be an exception that threatens to swallow the entire rule.

7

*Id.* at 847. The Court concludes that it is not required to permit Petitioner to re-open and amend his initial petition.

### III. Order

For the reasons given above, the Court

• denies as unnecessary the motion for waiver of all fees and costs for the pending motions (docket no. 56);

• grants the motion to amend the Rule 60(b) motion (docket no. 60);

• denies the motion for appointment of counsel (docket no. 59);

• denies the motion to re-open this case (docket no. 58); and

• denies the motion to amend the petition (docket no. 57).

Finally, the Court declines to issue a certificate of appealability on Petitioner's Rule 60(b) motion, because Petitioner has not demonstrated that jurists of reason would disagree with the Court's resolution of his constitutional claims or that the issues presented deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

IT IS SO ORDERED.

Dated: January 14, 2019             s/ Sean F. Cox  
                                                     Sean F. Cox  
                                                     United States District Judge

I hereby certify that on January 14, 2019, the document above was served on counsel of record via electronic means and upon Martin A. Lewis via First Class Mail at the address below:

Martin Lewis  
138477  
SAGINAW CORRECTIONAL FACILITY  
9625 PIERCE ROAD  
FREELAND, MI 48623

                                                                               s/J. McCoy  
                                                                               Case Manager