UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN A. LEWIS,

    Petitioner,

v.

Case No. 2:04-cv-71140
Honorable Sean F. Cox

DOUG VASBINDER,

    Respondent.
_____/

# ORDER DENYING THE "PETITION FOR PANEL REHEARING"
### (Docket No. 62)

## I. Background

This is a habeas corpus action under 28 U.S.C. § 2254. Following a bench trial in 2000, Petitioner was found guilty of first-degree, premeditated murder, Mich. Comp. Laws § 750.316(1)(a), and sentenced to life imprisonment without the possibility of parole. The conviction arose from

> the 1980 beating death of Cornell Smith. The incident occurred at about 10:30 p.m. on July 31, 1980 on the grounds of the Woodward School in Kalamazoo County. Witnesses saw two cars pull up to the school. The assailant got out of one car and approached the other car. An argument ensued, during which the assailant returned to his car and retrieved a baseball bat. The driver of the second car subsequently drove off, leaving the victim, who had been his passenger. The assailant chased the victim, and, according to witnesses, inflicted a fatal blow to the victim's head with a full swing of the bat.

*People v. Lewis*, No. 230887, 2002 WL 31957700, at *1 (Mich. Ct. App. Dec. 27, 2002). The Michigan Court of Appeals affirmed Petitioner's conviction, and on November 24, 2003, the Michigan Supreme Court denied leave to appeal. *See People v. Lewis*, 671 N.W.2d 880 (Mich. 2003) (table).

In 2004, Petitioner filed his habeas corpus petition, which was assigned to former United States District Judge Lawrence P. Zatkoff. (Docket No. 3). The State moved for summary judgment and dismissal of the petition on the basis that Petitioner had not exhausted state remedies for his claims that his trial attorney (1) failed to obtain the services of an expert witness on eyewitness identification and (2) waived his right to impeach two witnesses with their prior convictions by failing to comply with the trial court's motion schedule. (Docket No. 11). Petitioner disagreed with the State's argument, but he stated in a response to the State's motion that, if Judge Zatkoff agreed with the State, he was willing to delete the claims which the State had argued were unexhausted and proceed with his other claims. (Docket No. 30).

Judge Zatkoff subsequently agreed with the State that Petitioner did not exhaust state remedies for his claims that trial counsel failed to take adequate steps to obtain an expert witness and to impeach prosecution witnesses. However, because Petitioner had agreed to delete those claims to expedite review of his case on his other claims, Judge Zatkoff denied the State's motion for summary judgment. (Docket No. 33). Judge Zatkoff then adjudicated Petitioner's exhausted claims and denied the petition on the merits. (Docket No. 41). Petitioner appealed Judge Zatkoff's decision, but the United States Court of Appeals for the Sixth Circuit declined to grant a certificate of appealability. *See Lewis v. Vasbinder*, No. 07-2265 (6th Cir. June 6, 2008). In subsequent years, Petitioner attempted to file second or successive habeas petitions. The Sixth Circuit Court of Appeals, however, denied the requests for authorization to proceed with a second or successive habeas petition.

In 2014, Petitioner raised his two unexhausted claims about trial counsel in a motion for relief from judgment, which he filed in the state trial court. The trial court determined that it was precluded from adjudicating Petitioner's claim about trial counsel's failure to impeach prosecution

witnesses with their criminal histories because the issue was decided against Petitioner on appeal. The trial court adjudicated Petitioner's other claim about trial counsel on the merits and concluded that Petitioner was not prejudiced by counsel's failure to procure an expert witness. *See People v. Lewis*, No. 2000-0171-FC (Kalamazoo Cty. Cir. Ct. Mar. 30, 2015). Both the Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal the trial court's decision. *See People v. Lewis*, No. 328472 (Mich. Ct. App. Sept. 29, 2015); *People v. Lewis*, 882 N.W.2d 144 (Mich. 2016).

In 2017, Petitioner filed another habeas corpus petition, claiming that he had recently exhausted state remedies for his two claims about trial counsel. The 2017 case was assigned to United States District Judge Paul D. Borman, who transferred the petition to the Sixth Circuit as a second or successive petition. *See Lewis v. Haas*, No. 2:17-cv-10734 (E.D. Mich. Mar. 9, 2017). The Sixth Circuit denied leave to file a second or successive petition. *See In re Lewis*, No. 17-1253 (6th Cir. July 19, 2017).

Petitioner subsequently filed a motion to amend his habeas petition in this case. (Docket No. 57). He also moved to re-open this case under Federal Rule of Civil Procedure 60(b) (docket no. 58) and to amend his Rule 60(b) (docket no. 60) to clarify that he was bringing his Rule 60(b) motion under subsections (4) and (6) of the rule. The basis for his motions to amend the habeas petition and re-open this case was his claim that trial counsel was ineffective for failing to (1) alert the trial court that the defense expert needed additional funds to cover his costs and (2) impeach two prosecution witnesses with their criminal histories. Petitioner argued that Judge Zatkoff erred when he determined that Petitioner had not exhausted state remedies for these claims and then declined to rule on the merits of Petitioner's claims about trial counsel.

The case was randomly reassigned to this Court following Judge Zatkoff's retirement, and on January 14, 2019, the Court granted the motion to amend the Rule 60(b) motion, but denied Petitioner's motions to re-open this case and to amend his habeas petition. The Court stated that Petitioner did not file his Rule 60(b) motion within a reasonable time and that leave to amend was not warranted because Petitioner's claims appeared to be barred by the one-year statute of limitations and the motions did not relate back in time to the date of the initial petition.

Now before the Court is Petitioner's "Petition for Panel Rehearing." Petitioner argues that: there is no time limit for filing a motion under Rule 60(b); the trial court's determination that he raised his claims on appeal was the law of the case; and this Court erred in relying on *White v. Dingle*, 616 F.3d 844 (8th Cir. 2010), and *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000), for the principle that the "relation back" rule of Federal Rule of Civil Procedure 15(c) does not apply when there is no pending petition to which an amendment can relate back.

## II. Discussion

This District's Local Rules provide that

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1 (h) (3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp.2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

4

### A. The Timeliness of the Rule 60(b) Motion

Petitioner alleges first that reconsideration should be granted because the Court erred in concluding that his Rule 60(b) motion was not filed within a reasonable time. Petitioner notes that he brought his motion to re-open this case under Rule 60(b)(4), and he argues that a motion under that subsection does not have to satisfy any threshold requirements such as timeliness. The Federal Rules of Civil Procedure, however, clearly state that "[a] motion under Rule 60(b) must be made within a reasonable time . . . ," Fed. R. Civ. P. 60(c)(1), and Petitioner filed his Rule 60(b) motion more than a decade after Judge Zatkoff issued the judgment in this case. This Court did not make a palpable error when it concluded that Petitioner's Rule 60(b) motion was not filed within a reasonable time.

### B. Law of the Case

Petitioner alleges next that the Court should grant reconsideration under the doctrine of the law of the case. Petitioner appears to be arguing that the law of the case is that he did exhaust state remedies for his claims about trial counsel, because the trial court determined on post-conviction review that Petitioner raised at least one of his claims on appeal.

The United States Court of Appeals for the Sixth Circuit recently explained that

> [t]he defining feature of the law-of-the-case doctrine is that it applies only within the same case. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)); *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016); 18B C. Wright & A. Miller, *Federal Practice and Procedure* § 4478 (2d ed. Nov. 2018 update). A post-conviction habeas action is not a subsequent stage of the underlying criminal proceedings; it is a separate civil case. *See Pennsylvania v. Finley*, 481 U.S. 551, 556–57, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). . . .

*Edmonds v. Smith*, 922 F.3d 737, 739 (6th Cir. 2019). Thus,

> "findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation." *Burley*, 834 F.3d at 618. The doctrine does not mark a limit on a court's authority—courts are free to revisit their own rulings before final judgment—but is instead a recognition that for cases to reach resolution, issues cannot be argued and reargued without end. *See Messenger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). In other words, the doctrine aims to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit," not to govern the effects that final decisions have on other courts or cases. *See* 18B Wright & Miller § 4478.

*Id*. at 739-40.

The law of this case is Judge Zatkoff's determination that Petitioner did not exhaust state remedies for the claims that he is currently trying to litigate. This Court is not required to reconsider an issue that Judge Zatkoff resolved almost fourteen years ago on September 30, 2005, particularly since Petitioner ultimately chose to delete his ineffective-assistance-of-counsel claims if Judge Zatkoff determined that the claims were not exhausted in state court.[1]

**C. Relation Back**

In his final two arguments, Petitioner alleges that the Court erred when it concluded on the basis of *White v. Dingle*, 616 F.3d 844 (8th Cir. 2010), and *Warren v. Garvin*, 219 F.3d 111 (2d Cir. 2000), that Petitioner's claims did not relate back in time to his previously dismissed habeas petition. The Court is not persuaded that it made a palpable error when it reached that conclusion, but for the following reasons, the Court also finds that Petitioner's ineffective-assistance-of-counsel claims do not warrant reconsideration or relief from the judgment in this case.

---

[1] *See* Petitioner's Response to Respondent's Mot. for Summary J., docket no. 30, p. 3.

### 1. Trial Counsel and the Expert Witness

Petitioner alleges that trial counsel was ineffective for failing to inform the trial court that his defense expert required more money than the amount authorized by the trial court. The trial court considered this issue during post-conviction proceedings and pointed out that,

> even if the expert witness had been able to testify and discredit the eyewitness testimony, . . . there was still plenty of other evidence to implicate the Defendant, including his confessions to family and friends, his connection to the suspect vehicle, the fact that [he] was seen with a bat both before and immediately after the murder, and the fact that [he] had injuries on his hands that were consistent with having been in a physical altercation.

*People v. Lewis*, Op. and Order Denying Deft's Mot. for Relief from J., p. 6, No. 2000-0171-FC (Kalamazoo Cty Cir. Ct. Mar. 30, 2015) (citations to the record omitted).

This Court agrees with the trial court that, in light of this other evidence, Petitioner was not prejudiced by his trial attorney's failure to procure an expert witness on identification, because the outcome of the trial would not have been different with that witness. Therefore, Petitioner's claim lacks merit, and he is not entitled to reconsideration or relief from the judgment in this case.

### 2. Trial Counsel and the Failure to Impeach Witnesses

Petitioner's other claim about trial counsel is that counsel failed to take adequate steps to impeach prosecution witnesses with their criminal records. According to Petitioner, Gail Johnson had a prior conviction for first-degree retail fraud, and Donald Garland had prior convictions for conspiracy to commit false pretenses and attempted uttering and publishing. *See* Mem. of Law in Support of Pet. for Writ of Habeas Corpus, docket no. 3, pp. 25-26. Trial counsel did not attempt to impeach Garland with his criminal history, and when he attempted to impeach Johnson with her prior conviction, the trial court did not allow the cross-examination because defense counsel had

7

failed to comply with a pretrial order requiring motions for impeachment evidence to be filed no later than the first day of trial.

Even if defense counsel had impeached Johnson and Garland with their prior convictions, there is not a reasonable probability that the outcome of the trial would have been different because there was substantial evidence implicating Petitioner in the murder, apart from the testimony of Johnson and Garland. *See* Section II.C.1 above. As Judge Zatkoff stated in his dispositive opinion, "[t]he omitted [impeachment] evidence did not 'create[] a reasonable doubt that did not otherwise exist,' given Petitioner's admissions to close friends and relatives that he killed a man." Op. and Order Denying Habeas Corpus Pet, docket no. 41, pp. 18-19 (first alteration added, second alteration in original). Thus, Petitioner's claim lacks merit, and he is not entitled to reconsideration or relief from judgment.

### III. Conclusion

Petitioner has not persuaded the Court that it made a palpable error when it denied his motion to amend his habeas petition and his motion to re-open this case. Accordingly, the "Petition for Panel Rehearing" (document no. 62) is denied.

**IT IS SO ORDERED.**

Dated: August 8, 2019　　　　　　　　　　　　　　　s/Sean F. Cox　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　Sean F. Cox
　　　　　　　　　　　　　　　　　　　　　　　　　U. S. District Judge