UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN A. LEWIS,

    Petitioner,

v.                                                         Case No. 2:04-cv-71140
                                                            Honorable Sean F. Cox

DOUG VASBINDER,

    Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION
OF TIME (ECF NO. 65) AND DENYING PETITIONER'S REQUEST FOR
AN *EN BANC* REHEARING BEFORE A THREE-JUDGE PANEL (ECF NO. 64)**

**I. Background**

This is habeas corpus case under 28 U.S.C. § 2254. The habeas petition challenged Petitioner's state-court conviction for first-degree murder, Mich. Comp. Laws § 750.316. The Michigan Court of Appeals affirmed Petitioner's conviction, and on November 24, 2003, the Michigan Supreme Court denied leave to appeal. *See People v. Lewis*, 671 N.W.2d 880 (Mich. 2003) (table).

In 2004, Petitioner commenced this case. Former United States District Judge Lawrence P. Zatkoff denied the habeas petition on the merits (ECF No. 41), and the United States Court of Appeals for the Sixth Circuit declined to grant a certificate of appealability (ECF No. 51). In subsequent years, Petitioner unsuccessfully moved for permission to file a second or successive habeas petition.

In 2018, Petitioner filed a motion to amend his habeas petition and a motion to re-open this case pursuant to Federal Rule of Civil Procedure 60(b). (ECF Nos. 57 and 58). He argued in his motion to amend that trial counsel was ineffective for failing to (1) alert the trial court that the

1

defense expert needed additional funds to cover his costs and (2) impeach two prosecution witnesses with their criminal histories.

The case was reassigned to this Court, and on January 14, 2019, the Court denied Petitioner's motions to amend his habeas petition and to re-open this case. The Court stated that Petitioner did not file his Rule 60(b) motion within a reasonable time and that leave to amend was not warranted because Petitioner's claims appeared to be barred by the one-year statute of limitations. (ECF No. 61.)

Petitioner filed a "Petition for Panel Rehearing" (ECF No. 62), which the Court denied on August 8, 2019, because it was not persuaded that it made a palpable error when it denied Petitioner's motion to amend his habeas petition and motion to re-open this case (ECF No. 63). Now before the Court are Petitioner's motion to extend the time to file a request for an *en banc* rehearing (ECF No. 65) and Petitioner's request for an *en banc* rehearing before a three-judge panel (ECF No. 64). The request for an *en banc* rehearing (ECF No. 64) challenges the Court's denial of the Petition for Panel Rehearing (ECF No. 62).

## II. Discussion

### A. The Motion to Extend

Motions for rehearing or reconsideration ordinarily must be filed within 14 days after entry of the judgment or order in question. LR 7.1(h)(1). Petitioner filed his request for an *en banc* rehearing more than 14 days after the Court denied his Petition for Panel Rehearing. He alleges, however, that (i) he is untrained in the law, (ii) there are limits to the amount of time that he can spend in the prison law library, (iii) he must wait for his authorized day to pick up mailing envelopes from the prison store, and (iv) he needs additional time to complete his request for an *en banc* hearing. Given Petitioner's *pro se* status and the limitations he faces in preparing legal

2

documents, the Court grants his motion for an extension of time (ECF No. 65). Thus, the request for an *en banc* rehearing before a three-judge panel (ECF No. 64) is deemed timely.

### B.  The Request for an *En Banc* Rehearing

Petitioner brings his request for an *en* banc rehearing before a three-judge panel under Federal Rule of Appellate Procedure 35(a) and Local Rule 9.1(c). Appellate Rule 35 is not applicable to this Court, and Local Rule 9.1(c) merely refers to 28 U.S.C. § 2284. Section 2284 states in relevant part that

> [a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

28 U.S.C. § 2284(a).

Petitioner has not cited an Act of Congress that requires the Court to convene a panel of three judges to hear his claims, and he is not challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body. Accordingly, Petitioner's request for an *en banc* rehearing before a three-judge panel (ECF No. 64) is denied.

Dated: January 14, 2020    s/Sean F. Cox
　　　　　　　　　　　　　Sean F. Cox
　　　　　　　　　　　　　U. S. District Judge