UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN A. LEWIS,

        Petitioner,

v.

        Case No. 2:04-cv-71140
        Honorable Sean F. Cox

DOUG VASBINDER,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION FOR LEAVE TO RE-OPEN THE JUDGMENT

This is a closed habeas corpus case. Before the Court is Petitioner Martin A. Lewis's motion for leave to re-open the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and Rule 60(b)(6). For the reasons given below, the motion is denied.

### I. Background

Following a bench trial in the year 2000, Petitioner was found guilty of first-degree murder, Mich. Comp. Laws § 750.316, and sentenced to mandatory life imprisonment without the possibility of parole. The conviction was based on evidence that Petitioner beat the victim to death with a baseball bat. The Michigan Court of Appeals affirmed Petitioner's conviction, *see People v. Lewis*, No. 230887, 2002 WL 31957700, at *1 (Mich. Ct. App. Dec. 27, 2002) (*per curiam*), and on November 24, 2003, the Michigan Supreme Court denied leave to appeal. *See People v. Lewis*, 671 N.W.2d 880 (Mich. 2003) (table).

Petitioner commenced this action in 2004. The State moved for summary judgment and dismissal of the habeas petition on the basis that Petitioner had not exhausted state remedies for his claims that his trial attorney (1) failed to obtain an expert witness on eyewitness identification and (2) forfeited his right to impeach two witnesses

with their prior convictions by not complying with the trial court's motion schedule. (Docket No. 11). In a response to the State's motion for summary judgment and dismissal of the habeas petition, Petitioner maintained that he had exhausted state remedies. But he stated that, if the Court agreed with the State's argument, he was willing to delete the unexhausted claims and proceed with his exhausted claims. (Docket No. 30).

Former United States District Judge Lawrence P. Zatkoff was assigned to the case at the time, and he agreed with the State that Petitioner did not exhaust state remedies for his claims about trial counsel's failure to obtain an expert witness and failure to impeach two prosecution witnesses with their prior convictions. (Docket No. 33). However, because Petitioner had agreed to delete those claims, Judge Zatkoff subsequently adjudicated Petitioner's exhausted claims and denied the petition on the merits. (Docket No. 41). Petitioner appealed Judge Zatkoff's decision, but the United States Court of Appeals for the Sixth Circuit declined to issue a certificate of appealability. *See Lewis v. Vasbinder*, No. 07-2265 (6th Cir. June 6, 2008); Docket No. 51 in this case.

In 2009, Petitioner filed a motion for relief from Judge Zatkoff's judgment in this case. Petitioner claimed that state officials had committed a fraud on the courts by misleading the courts into believing that probable cause existed for Petitioner's arrest. (Docket No. 52). Judge Zatkoff treated the motion as a second or successive habeas petition and then transferred the case to the Sixth Circuit Court of Appeals for a determination on whether Petitioner could proceed with a second or successive petition.

(Docket No. 53).[1]   The Sixth Circuit denied Petitioner's request to file a second or successive petition. *See In re Lewis*, No. 09-1670 (6th Cir. Nov. 24, 2009). Petitioner filed two additional motions for authorization to file a second or successive habeas petition, but the Sixth Circuit denied both motions. *See In re Lewis*, No. 11-1658 (6th Cir. Sept. 12, 2011); Docket No. 54 in this case; *In re Lewis*, No. 12-2446 (6th Cir. May 16, 2013); Docket No. 55 in this case.

In 2014, Petitioner filed a motion for relief from judgment in the state trial court. He raised the two ineffective-assistance-of-counsel claims that Judge Zatkoff had determined were unexhausted. The trial court denied the motion for relief from judgment. *See People v. Lewis*, No. 2000-0171-FC (Kalamazoo Cty. Cir. Ct. Mar. 30, 2015). Petitioner appealed the trial court's decision without success. The Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D), *see People v. Lewis*, No. 328472 (Mich. Ct. App. Sept. 29, 2015), and on July 26, 2016, the Michigan Supreme Court likewise denied leave to appeal under Rule 6.508(D). *See People v. Lewis*, No. 152662 (Mich. Sup. Ct. July 26, 2016).

In 2017, Petitioner filed a habeas corpus petition in which he asserted that he had exhausted state remedies for his previously unexhausted claims about trial counsel. He asserted that the claims were ripe for review and that he had new reliable evidence from an expert witness who could discredit the eyewitnesses' trial testimony.  The 2017 case

---

[1] Under 28 U.S.C. § 2244(b), a habeas petitioner who seeks to file a second or successive petition must first seek and obtain authorization from the appropriate court of appeals before filing a second or successive petition in the district court.  28 U.S.C. § 2244(b)(3)(A).

3

was assigned to United States District Judge Paul D. Borman, who transferred the petition to the Sixth Circuit as a second or successive petition. *See Lewis v. Haas*, No. 2:17-cv-10734 (E.D. Mich. Mar. 9, 2017). The Sixth Circuit denied permission for leave to file a second or successive petition. *See In re Lewis*, No. 17-1253 (6th Cir. July 19, 2017).

In 2018, Petitioner moved to re-open this case (Docket No. 58) and to amend his habeas petition (Docket No. 57). Petitioner reiterated his claims about trial counsel's failure to obtain a defense expert and impeach two prosecution witnesses with their criminal histories. Petitioner argued that Judge Zatkoff had erred when he determined that Petitioner did not exhaust state remedies for these claims.

The case was reassigned to this Court following Judge Zatkoff's retirement, and on January 14, 2019, the Court denied the motions to re-open this case and to amend the petition. (Docket No. 61.) Petitioner requested a rehearing (Docket No. 62), but the Court denied the request (Docket No. 63). Although Petitioner appealed the Court's denial of his request for a rehearing, the Sixth Circuit Court of Appeals denied Petitioner's application for a certificate of appealability because no reasonable jurist could conclude that this Court had abused its discretion in denying Petitioner's Rule 60(b) motion. *See Lewis v. Winn*, No. 20-1094 (6th Cir. June 2, 2020); Docket No. 72 in this case. On August 27, 2020, Petitioner filed his most recent motion to re-open Judge Zatkoff's judgment. (Docket No. 73).

## II. Discussion

Although portions of Petitioner's typewritten motion are too faint to read, he seems to be raising the same issues that he presented to the Court in his previous motion to re-

4

open this case. He claims that Judge Zatkoff erred by not addressing the merits of his claims about trial counsel's failure to impeach two prosecution witnesses with their prior convictions and failure to take adequate steps to obtain an expert witness. The Court understands Petitioner to be alleging that, at least one of his claims about trial counsel was exhausted when his appellate attorney raised the claim in a motion to remand his case to the trial court.

Petitioner also alleges that his willingness to delete the claims on habeas review was a conditional statement and that Judge Zatkoff erred by mischaracterizing Petitioner's conditional statement as a motion to withdraw the unexhausted claims. Finally, Petitioner asserts that Judge Zatkoff should have given him an opportunity to be heard before recharacterizing his conditional statement as a motion to withdraw or to delete the unexhausted claims.

Petitioner filed his motion under Federal Rule of Civil Procedure 60(b)(4) and 60(b)(6). Those rules authorize federal courts to relieve a party from a final judgment "when the judgment is void," Fed. R. Civ. P. 60(b)(4), and for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). But "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights," *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010), and motions filed under both Rule 60(b)(4) and Rule 60(b)(6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Petitioner filed his pending Rule 60(b) motion to re-open this case almost thirteen years after Judge Zatkoff entered the judgment in this case. The motion was not filed within a reasonable time. The motion fails for the following additional reasons.

5

## A. Rule 60(b)(4)

A void judgment under Rule 60(b)(4) "is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Espinosa*, 559 U.S. at 270. "The list of such infirmities is exceedingly short[.]" *Id.* " 'A judgment is not void,' for example, 'simply because it is or may have been erroneous.' " *Id.* (end citations omitted). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271.

Judge Zatkoff had jurisdiction in this case, and even though Petitioner alleges a violation of his right to due process, "[d]ue process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Id.* at 272 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Petitioner had notice and an opportunity to be heard on the exhaustion issue, and he took advantage of the opportunity. After the State filed its motion for summary judgment and dismissal of the habeas petition, Petitioner filed a response to the State's motion and argument regarding the exhaustion requirement. (Docket No. 30).

Furthermore, Judge Zatkoff did not mischaracterize Petitioner's comment that, "if this Court decides in favor of Respondent, for any reason that Petitioner did not foresee (not being an attorney) that, Petitioner would delete the claims at issue and move forward with the Writ." (Docket No. 30, PageID.1968). This statement was an indication that Petitioner was willing to waive or delete any unexhausted claims. Petitioner, in fact,

concedes in one of his previous motions in this case that he deleted the unexhausted claims. *See* Petitioner's Brief in Support of Mot. for Leave to Amend Pet., Docket No. 57, PageID.2201.

Even if Judge Zatkoff erred on the exhaustion issue, a judgment is not void merely because it may have been erroneous. *Espinosa*, at 270. The Court, therefore, concludes that Petitioner is not entitled to relief under Rule 60(b)(4). That leaves Rule 60(b)(6).

### B. Rule 60(b)(6)

Rule 60(b)(6) is Rule 60's "catchall category." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). It "vests wide discretion in courts," *id*., but the scope of the rule "is narrower than it sounds: Rule 60(b)(6) permits relief only in 'unusual and extreme situations where principles of equity *mandate* relief.' " *Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323, 327 (6th Cir. 2014) (quoting *Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir.2007)) (emphasis in original). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors." *Buck,* 137 S. Ct. at 778.

Petitioner challenges Judge Zatkoff's conclusion that Petitioner did not exhaust state remedies for his claim that defense counsel failed to adequately seek a defense expert on eyewitness identification. The attorney apparently failed to inform the trial court that the defense expert required more money than the amount authorized by the trial court. The state trial court, however, determined during post-conviction proceedings that, "even if the expert witness had been able to testify and discredit the eyewitness testimony, . . . there was still plenty of other evidence to implicate the Defendant, including his confessions to family and friends, his connection to the suspect vehicle, the fact that [he]

7

was seen with a bat both before and immediately after the murder, and the fact that [he] had injuries on his hands that were consistent with having been in a physical altercation." *People v. Lewis*, Op. and Order Denying Defendant's Mot. for Relief from J., p. 6, No. 2000-0171-FC (Kalamazoo Cty. Cir. Ct. Mar. 30, 2015) (citations omitted); Docket No. 58, PageID.2247 in this case.

This Court agreed with the trial court's reasoning in one of the Court's previous orders. The Court concluded that the outcome of the trial would not have been different if the defense expert had testified and, therefore, Petitioner was not prejudiced by his trial attorney's failure to procure the expert witness. (Order Denying Rehearing, Docket No. 63., PageID.2292.) Because Petitioner's underlying claim about trial counsel lacks merit, Judge Zatkoff's failure to address the issue on the merits does not mandate relief from judgment.

The other issue that Judge Zatkoff did not address on the merits was Petitioner's claim that trial counsel was ineffective for failing to impeach two prosecution witness with their criminal histories. This Court, however, concluded in its order denying rehearing that even if defense counsel had impeached the witnesses with their prior convictions, there was not a reasonable probability that the outcome of the trial would have been different. The basis for the Court's ruling was that there was substantial evidence implicating Petitioner in the murder, apart from the testimony of the two witnesses in question. *Id*. at PageID.2292-2293.

### III.  Conclusion and Order

Petitioner did not file his motion within a reasonable time, and he is not entitled to relief under Rule 60(b)(4) because his arguments are not premised on a jurisdictional error, and he has not demonstrated a violation of his right to due process.  His motion also fails under Rule 60(b)(6) because his underlying claims about trial counsel lack merit, and there is no other reason that justifies relief from judgment.  Accordingly, the Court denies Petitioner's motion for leave to re-open the judgment (Docket No. 73).

The Court also declines to issue a certificate of appealability because Petitioner has not demonstrated that jurists of reason would disagree with the Court's resolution of his motion or that the issues presented deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

IT IS SO ORDERED.


Dated: March 24, 2021               s/Sean F. Cox
                                    Sean F. Cox
                                    U. S. District Judge